OPINION of the Court, by
Ch. J. Bibb.
— .Hamiltesa sued a capias in debt against Brightman ;.Lee, entered into a bond with Brightman to the sheriff, conditioned for the appearance of Brightman to the action ; Hamilton proceeded to judgment .against Brightman only, he having failed to appear: upon this judgment he sued his writ of fieri facias, which was returned, no effects. And now this action was commenced in the court below, on the appearance bail bond, in the name of the sheriff, to the use of Hamilton against Brightman, and Lee, his appearance bail — the latter only was taken by the writ | and the question made by an agreed case was, whether the action would lie on the bail bond under these circumstances. The circuit court gave judgment for the defendant, to which this writ of error is prosecuted.
At common law, a judgment against a defendant whose appearance had never been entered to the action, was unknown ; and if those means which the law allowed to compel an appearance proved ineffectual, the plaintiff having exhausted them had to cease his action. In those actions where by permission of the common law or of the statutes the plaintiff sued his capias ad respon-dendum, and the sheriff returned thereon, cepi corpus, if the defendant failed to appear according to the exigency of the writ, it was the practice for the plaintiff to move the court for an order upon the sheriff to bring m *435 the body of the defendant, which if he failed to do, the plaintiff might proceed against the sheriff for an escape, upon which the sheriff was made liable for the damages the plaintiff had sustained by reason of his inability to proceed in his original action owing to the non appear» anee of the defendant. The sheriff, being thus liable, took his remedy over against the bail, by action on the bail bond, if he had let the defendant out on bail. To take bail or imprison the defendant on the capias, was, for a long time, a mere matter of discretion with the sheriff ; and when, by statutory regulations, it was no longer a matter of favor, but of right, that the defendant should discharge himself from the arrest upon giving good bail, the practice still prevailed of going against the sheriff in case defendant made default, and the sheriff had his recourse upon the bail bond, till at length the bail bond was, by statute, made assignable to the plaintiff, in case he elected to take it and proceed thereon in his own name ; when he did so, the bail, in a reasonable time, might apply to the court and obtain leave to discharge themselves, by causing the defendant to appear and perfect bail above, answering to our special bail. In case the plaintiff did not choose rigidly to insist on having bail to the action, (answering to our appearance bail,) whereby to make the sheriff liable, but chose to waive his motion to the court for a rule upon the sheriff to bring in the body, or return the bail bond, and yet proceed in his original action, he might enter a fictitious appearance for the defendant who had been arrested, by filing for him common bail, being only the nominal persons John Doe and Richard Roe. When the plaintiff had thus accepted a constructive appearance, and let out the defendant on common bail, he might then proceed to judgment against the defendant for want of a plea ; and the sheriff was thereby discharged from responsibility, and consequently the bail to the action, if the sheriff had taken them, they being by such a procedure deprived of the opportunity of causing the defendant to appear and perfect bail above, or, in default of such bail, to surrender him in actual custody. But still, if the plaintiff would proceed against the sheriff, or the bail for appearance, he must give over his original action ; because, to make the sheriff or bail responsible, the default of appearance of the principal *436 must have been recorded, and being so of record, tha* plaintiff could have no judgment against a defendant who had never appeared. Thus stood the law when the statute of Virginia, regulating proceedings in civil cases was enacted, from which our statute on the same subject has been borrowed.
We have seen, that before the enaction of these statutes, a plaintiff, who had obtained judgment avainst his, debtor in the original action, could have *>o recourse against the sheriff, or bail for appearance, Su long as that judgment was in force, because he could have no regular judgment against his principal debtor unless the record exhibited an appearance, either actual or fictitious ; and if so, the sheriff, or bail for appearance, could not be liable because of such appearance, which was a fulfilment of the duty required of the sheriff, or of the condition of the bail bond.
It remains to enquire what is the effect and operation of our statutes in this particular.
The sheriff is prohibited from taking any obligation from a person in his custody for any matter relating to his office, otherwise payable than to himself as sheriff, and dischargable upon the prisoner’s appearance and rendering himself according to the writ whereby he was arrested : “ and every obligation by any sheriff taken in, any other manner or form, by color of his office, shall be null and void, except in any special case any other obligation is or shall be by law particularly and expressly directed.” The statute having classed the actions in which bail shall be required only by the endorsement of a judge upon the proper affidavit of the plaintiff, and those in which the plaintiff may by his own endorsement of the writ require bail, then enjoins upon the sheriff, upon the writ so endorsed, to return the name of the bail by him taken, and a copy of the bail bond 5 which, if he does, and the bail so returned is not excep--ted to as insufficient within the time prescribed, or if excepted to and the exception is overruled by the court, in either case the sheriff is irresponsible to the plaintiff in the action, having fulfilled the duty required of-him by law. The bail being so returned and unexcepted to, as in the present case, the statute provides that if the defendant shall fail to appear accordingly, and give special bail, (being ruled so to do by the court,) the bail *437 for appearance may defend the suit, and shall be sub-, ject to the same judgment and recovery as the defendant might or would have been subject to if he had appeared and given special bail: the 12th section of the statute provides that every judgment entered in the office against a defendant and bail shall be set aside, if the defendant, at the next succeeding court, shall be allowed to appear without bail, or shall put in good bail, or surrender himself in custody and plead to issue immediately. This statute seems to have provided a more simple, expeditious, and much more beneficial mode of proceeding, for all parties, than the British statutes, The rule in the qlerk’s office against defendant and bail, answers m place of the rule of court upon the sheriff to bring in the body; the proceeding against the bail supersedes the necessity of filing a fictitious appearance for the defendant, and thereby authorises a joint judgment against defendant and bail, whereby tbe plaintiff loses no part of his security, as in England he did, if he proceeded against the bail or against the sheriff; moreover it saves circuity of action, as well as prevents delay, by considering the original action as progressing against defendant and bail, the latter, in default of the other, being allowed to make defence. And to complete the work of expeditious justice, the same section provides that in every case where judgment shall be confirmed against defendant and bail, the court, upon motion of such bail, may order an attachment against the estate of the defendant, returnable to the next succeeding court; and upon the execution and return of such attachment, the court shall order the estate-seized, or so much thereof as will be sufficient to satisfy the judgment and costs, and all costs accruing under the attachment, to be sold as goods taken in execution on a fieri facias, and out of the money so made such judgment and costs shall be satisfied, and the surplus (if any) restored to the defendant or defendants when required. Such is the remedy provided by our statute against bail for appearance, and such the beneficial mode of indemnification to him in case the defendant makes default. The law has provided no other; it has not authorised the assignment of the bail bond, because, if not objected to in due time, it is considered as taken by the sheriff, as the agent or trustee for the plaintiff, and judg- *438 meat is rendered accordingly. It would seem to us a. most palpable and unwarrantable violation of the beneficial provisions of this statute, as well as of other leading considerations, if common law actions on the bail bond were sustained; especially where the defendant has been proceeded against solely, (if such a proceeding is warranted under the statute,) thereby depriving the bail of the opportunity and notice to surrender the principal, or cause him to appear and give special bail, as well as of the benefit of applying for an attachment-against the estate of such principal debtor. But the present action is by the sheriff. We have before remarked that if the sheriff returns the bail and a copy of the bail bond, he has complied with the first duties required of him ; and he cannot be made responsible, unless the bail returned is excepted to within a limited time. In case such exception is sustained by the court, judgment may be taken against defendant and sheriff,, and in case of his death, against his representatives or estate; and the like liberty of defence, and the like remedy over against defendant by attachment, is given to the sheriff as is before provided in respect of the bail j who is, nevertheless, liable to indemnify the sheriff thus proceeded against. As the sufficiency of the bail never was excepted to in the original action out of which the present arose, it is clear that the sheriff is not responsible to the plaintiff in the first action, and never can be made liable, although the first judgment should be reversed, and new proceedings had in the clerk’s office ;• because the time for excepting to the sufficiency of the bail returned has expired. As the sheriff is not liable-to be damnified, nor actually endamaged, it seems that-no substantial cause of action on his behalf exists, or has arisen against the bail; and considering the action as at common law before the statutes regulating his conduct respecting letting to bail the persons arrested, she sheriff would be entitled only to nominal damages in a case like the present. But under our statutes, we adjudge the remedy thereby provided against a sheriff, or against bail for appearance, to be unique, and not cumulative. And if the party has so proceeded, as that he cannot resort to that remedy, he can have no other. Not that we think a judgment against defendant only i» a release of the bail for ever after, so as that, in case the *439 judgment was reversed, the plaintiff could not then pro» eeed against the bail in manner prescibed by the statute ; but we go upon the principle that the appearance bail bond is a statutory bond, upon which the proceedings must be had as pointed out by statute, or not at all; and therefore that the present action thereon is not maintainable. — ——Judgment affirmed.